UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARRIE L. SHULMAN, M.D.,

    **Plaintiff,**

vs.                                                    Case No. 8:17-cv-1480-T-27SPF

BAYCARE MEDICAL GROUP,
INC. d/b/a BayCare Medical Group,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 75), recommending that Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 45) be granted. Defendant objects to the recommendation (Dkt. 78), to which Plaintiff responded (Dkt. 79). Upon consideration, Defendant's objections are overruled. Plaintiff's motion (Dkt. 45) is **GRANTED**.

### Standard

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.

1982); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## Objections and Discussion

The factual and procedural background is in the Report and Recommendation. In her motion, Plaintiff seeks to dismiss this action and pursue her claims in state court. (Dkt. 45). Defendant contends that the Magistrate Judge erred in determining that no clear prejudice or loss of a substantial right would result from permitting Plaintiff to dismiss this action. (Dkt. 78).

The Magistrate Judge correctly noted that under Fed. R. Civ. P. 41(a)(2), "a plaintiff, with court approval and upon terms that the court considers proper, may dismiss their action voluntarily and without prejudice to future litigation." (Dkt. 75, p. 2). And, as the Magistrate Judge correctly observed, "voluntary dismissal should be granted unless the defendant will suffer 'clear legal prejudice, other than the prospect of a subsequent lawsuit.'" (Id.)(citations omitted). In applying these standards, the Magistrate Judge correctly concluded that "Defendant has not identified any clear prejudice or substantial right it would lose if dismissal is allowed" nor any "evidence of bad faith by the Plaintiff." (Id. at p. 1, 4).[1] After a *de novo* review, I agree with the Magistrate Judge.

Defendant contends that it will be prejudiced because "the dismissal of this action will result in the loss of a substantial right by Defendant - the Defendant's statutory right to a federal forum." (Dkt. 78, p. 15). This contention was not raised in its initial opposition to Plaintiff's motion, however, and will not be considered. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was

---

[1] In its opposition before the Magistrate Judge, Defendant argued that Plaintiff's motion for dismissal constituted "blatant forum shopping." (Dkt. 46, p. 5). The Magistrate Judge distinguished the cases cited by Defendant and correctly concluded that the tactical advantage Plaintiff may gain by pursuing her claims in state court does not constitute "clear legal prejudice" under established Eleventh Circuit precedent. (Dkt. 75, pp. 3-4); *see McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.1986) ("Thus it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation.").

2

not first presented to the magistrate judge.").[2]

The Magistrate Judge recommends that as a condition of dismissal, Plaintiff should reimburse Defendant for any wasted fees and expenses resulting from dismissal and a subsequent state suit. (Dkt. 75, p. 4-5). Defendant does not challenge this recommendation. And, this condition is warranted. *See Pontenberg*, 252 F.3d at 1260; *McCants*, 781 F.2d at 857.

After careful consideration of the Report and Recommendation and an independent examination of the record, I find that the Report and Recommendation should be adopted, confirmed, and approved. Plaintiff's Motion to Dismiss (Dkt. 45) is **GRANTED**. This case is **DISMISSED** ***without prejudice***, on condition that Plaintiff reimburse Defendant for costs and fees incurred which have been wasted. Jurisdiction is reserved to determine those costs and fees on proper application under Local Rule 4.18. All pending motions are **DENIED** *as moot*. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 20th day of November, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] In any event, this contention is not persuasive, considering Circuit precedent. As correctly noted by the Magistrate Judge, under Eleventh Circuit precedent, the guiding principle is that "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants*, 781 F.2d at 856-57). Defendant's interest in litigating in federal court, while important, does not mandate denial of Plaintiff's motion. *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990). ("While defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion.").

3