# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CARRIE L. SHULMAN, M.D.,**

        Plaintiff,

vs.                                  Case No. 8:17-cv-1480-T-27SPF

**BAYCARE MEDICAL GROUP,
INC. d/b/a BayCare Medical Group,**

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Attorney's Fees and Costs (Dkt. 91), to which Plaintiff has responded (Dkt. 95). In its motion, Defendant requests an award of $85,650.95 in fees and costs "wasted on this litigation" that could not be used in any subsequent litigation (Dkt. 91, p. 1).[1] However, and as Defendant notes in its motion (Id. at p. 3 n.1), the request for wasted fees and costs was filed prior to Plaintiff refiling her state court action. As such, Defendant's arguments regarding which fees and costs were wasted are speculative at best.[2]

---

[1] In October 2018, the Magistrate Judge issued a Report and Recommendation (Dkt. 75), recommending that Plaintiff's Motion to Dismiss (Dkt. 45) be granted and that jurisdiction be retained to determine which costs and fees incurred by the Defendant have been wasted. The Report and Recommendation was adopted, confirmed and approved. (Dkt. 80). And the case was dismissed on the "condition that Plaintiff reimburse Defendant for costs and fees incurred which have been wasted." (Id. at p. 3).

[2] "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). And for Defendant's "request that the Court permit the filing of . . . records under seal" (Dkt. 91, p. 8 n.3), that request is denied. Defendant shall comply with the Federal Rules of Civil Procedure and the Local Rules.

1

Accordingly, Defendant's motion is **DENIED as premature**.

**DONE AND ORDERED** this 28th day of February, 2019.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record